Read, J.
Tracy was security for Arbuclde. It was the duty of Arbuckle to discharge the original debt. Tracy was liable only collaterally. Arbuckle, on the decease of Tracy, delivered over to Card, his executor, the note in question, as indemnity or collateral security. When collected, the money did not belong to Tracy’s estate, but was to be applied to discharge the debt of Arbuckle’s estate. Neither the note nor the money collected belonged to Tracy’s estate, but was held in trust to be applied to the benefit of Arbuckle’s estate. Card was a trustee or agent for Arbuckle, and was to account to Arbuckle. Hence, if he violates.his trust or'duty as agent, the loss must fall upon Arbuckle. It would be a novel principle, indeed, to permit Arbuckle to constitute Card his agent, to do exactly what in law he was bound to do, and then hold Tracy’s estate bound for the faithful performance of the trust by Card. If Card had collected any money, and applied it to the benefit of Tracy’s estate, to that extent the estate would be liable; but this is not pretended.

Bill Dismissed.